1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone: (212) 335-4500
    Facsimile: (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone: (415) 986-5900
8   Facsimile: (415) 986-8054
    sgordon@gordonrees.com
9
10  MICHAEL C. ZELLERS (SBN: 146904)
    TUCKER ELLIS & WEST LLP
11  515 South Flower Street, Suite 4200
    Los Angeles, CA 90071-2223
12  Telephone: (213) 430-3400
    Facsimile: (213) 430-3409
13  michael.zellers@tuckerellis.com

14  Attorneys for Defendants
    PFIZER INC., PHARMACIA CORPORATION, AND
15  G.D. SEARLE LLC

16                  UNITED STATES DISTRICT COURT

17                 NORTHERN DISTRICT OF CALIFORNIA

18                     SAN FRANCISCO DIVISION

19  IN RE CELEBREX AND BEXTRA          )   MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND     )
20  PRODUCTS LIABILITY LITIGATION      )   CASE NO. 3:07-cv-3458-CRB
    _____    )
21  This document relates to           )   **PFIZER INC., PHARMACIA
                                       )   CORPORATION, AND G.D.
22  PAUL GRANT MACAULEY and ARLENE     )   SEARLE, LLC'S ANSWER TO
    DORIS MACAULY,                     )   COMPLAINT**
23                                     )
               Plaintiffs,             )   **JURY DEMAND ENDORSED
24                                     )   HEREIN**
         vs.                           )
25                                     )
    PFIZER, INC., PHARMACIA CORPORATION,)
26  and G.D. SEARLE LLC,               )
                                       )
27             Defendants.             )
    _____    )
28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

2    "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3    ("Searle") (collectively "Defendants"), and file this Answer to Plaintiffs' Complaint

4    ("Complaint"), and would respectfully show the Court as follows:

5    **I.**

6    **PRELIMINARY STATEMENT**

7    The Complaint does not state in sufficient detail when Plaintiff was prescribed or used

8    Bextra® (valdecoxib) ("Bextra®").  Accordingly, this Answer can only be drafted generally.

9    Defendants may seek leave to amend this Answer when discovery reveals the specific time

10   periods in which Plaintiff was prescribed and used Bextra®.

11   **II.**

12   **ANSWER**

13   **Response to Allegations Regarding Parties**

14   1.    Defendants admit that Plaintiff brought this civil action seeking monetary damages, but

15   deny that Plaintiff is entitled to any relief or damages.  Defendants admit that, during certain

16   periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States

17   to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

18   accordance with their approval by the FDA.  Defendants admit that, during certain periods of

19   time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed,

20   co-promoted and distributed Bextra® in the United States to be prescribed by healthcare

21   providers who are by law authorized to prescribe drugs in accordance with their approval by the

22   FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.  Defendants state that the potential effects of

24   Bextra® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage,

27   and deny the remaining allegations in this paragraph of the Complaint.

28   2.    Defendants are without knowledge or information sufficient to form a belief as to the

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and Plaintiff's medical condition, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

3.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

4.     Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York. Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States, including California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

5.     Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

6.     Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey. Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Bextra® in the United States, including California, to be prescribed

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this Paragraph of the Complaint.

7.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining the allegations in this paragraph of the Complaint.

8.     Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this Paragraph of the Complaint.

### Response to Allegations Regarding Jurisdiction and Venue

9.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and the amount in controversy, and, therefore, deny the same. However, Defendants admit that Plaintiff claims that the parties are diverse and that the amount in controversy exceeds $75,000, exclusive of interests and costs.

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose, and, therefore, deny the same. Defendants deny committing a tort in the State of Oregon or the State of California and deny the remaining allegations in this paragraph of the Complaint.

11.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States, including California and Oregon, to be

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

2   with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra®

3   was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted

4   and distributed Bextra® in the United States to be prescribed by healthcare providers who are

5   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

6   admit that they provided FDA-approved prescribing information regarding Bextra®.

7   Defendants admit that they do business in the States of Oregon and California.  Defendants

8   state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.

9   Defendants are without knowledge or information to form a belief as to the truth of such

10  allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the

11  remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

### Response to Allegations Regarding Interdistrict Assignment

12. Defendants state that this paragraph of the Complaint contains legal contentions to

which no response is required.  To the extent that a response is deemed required, Defendants

admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

Panel on Multidistrict Litigation on September 6, 2005.

### Response to Factual Allegations

13. Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-

steroidal anti-inflammatory drugs ("NSAIDS").  Defendants state that Bextra® was and is safe

and effective when used in accordance with its FDA-approved prescribing information.

Defendants state that the potential effects of Bextra® were and are adequately described in its

FDA-approved prescribing information, which was at all times adequate and comported with

applicable standards of care and law.  Defendants deny the remaining allegations in this

paragraph of the Complaint.

14. The allegations in this paragraph of the Complaint are not directed toward Defendants

and, therefore, no response is required.  To the extent a response is deemed required,

Defendants state that Plaintiff fails to provide the proper context for the allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

2  form a belief as to the truth of such allegations and, therefore, deny the same.

3  15.    The allegations in this paragraph of the Complaint are not directed toward Defendants

4  and, therefore, no response is required.  To the extent a response is deemed required,

5  Defendants state that Plaintiff fails to provide the proper context for the allegations in this

6  paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

7  form a belief as to the truth of such allegations and, therefore, deny the same.

8  16.    The allegations in this paragraph of the Complaint regarding "other pharmaceutical

9  companies" are not directed toward Defendants and, therefore, no response is required.  To the

10  extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper

11  context for such allegations.  Defendants therefore lack sufficient information or knowledge to

12  form a belief as to the truth of such allegations and, therefore, deny the same.  Plaintiff fails to

13  provide the proper context for the remaining allegations in this paragraph of the Complaint.

14  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of

15  such allegations and, therefore, deny the same.

16  17.    The allegations in this paragraph of the Complaint are not directed toward Defendants

17  and, therefore, no response is required.  To the extent a response is deemed required,

18  Defendants state that Plaintiff fails to provide the proper context for such allegations.

19  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of

20  such allegations and, therefore, deny the same.

21  18.    Plaintiff fails to provide the proper context for the allegations in this paragraph of the

22  Complaint.  Defendants lack sufficient information or knowledge to form a belief as to the truth

23  of such allegations and, therefore, deny the same.

24  19.    Defendants state that Plaintiff's allegations regarding "predecessors in interest" are

25  vague and ambiguous.  Defendants are without knowledge or information to form a belief as to

26  the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful

27  conduct and deny the remaining allegations in this paragraph of the Complaint.

28  20.    Plaintiff does not allege having used Celebrex® in this Complaint.  Nevertheless,

1  Defendants admit that Celebrex® was launched in the United States in February 1999.

2  Defendants state that Celebrex® was and is safe and effective when used in accordance with its

3  FDA-approved prescribing information.  Defendants admit that, during certain periods of time,

4  Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

5  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

6  with their approval by the FDA.  Defendants admit that, during certain periods of time,

7  Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

8  promoted and distributed Celebrex® in the United States to be prescribed by healthcare

9  providers who are by law authorized to prescribe drugs in accordance with their approval by the

10  FDA.  The allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not

11  directed toward Defendants and, therefore, no response is required.  To the extent a response is

12  deemed required, Defendants state that Plaintiff fails to provide the proper context for the

13  allegations in this paragraph of the Complaint regarding Merck and Vioxx®.  Defendants

14  therefore lack sufficient information or knowledge to form a belief as to the truth of such

15  allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this

16  paragraph of the Complaint.

17  21.      Defendants admit that the New Drug Application for Bextra® was filed with the FDA

18  on January 15, 2001.  Defendants admit, as indicated in the package insert approved by the

19  FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis

20  and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.

21  Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and

22  ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

23  such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in

24  this paragraph of the Complaint.

25  22.      Defendants admit that Bextra® was approved by the FDA on November 16, 2001.

26  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is

27  indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

28  arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

allegations in this paragraph of the Complaint.

23.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

24.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

25.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

26.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

27.     The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

28.     Defendants admit that the New Drug Application for Bextra® was filed with the FDA on January 15, 2001.  Defendants admit that Bextra® was approved by the FDA, on November 16, 2001.  Defendants deny any wrongful conduct and the remaining allegations in this paragraph of the Complaint.

29.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendants deny the allegations in this paragraph of the Complaint.

30.     Defendants state that the referenced FDA Talk Paper for Bextra® speaks for itself and respectfully refer the Court to the Talk Paper for its actual language and text.  Any attempt to characterize the Talk Paper is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

31.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

32.     Plaintiff fails to provide the proper context for the allegations concerning the "post-drug approval meta-analysis study" in this paragraph of the Complaint.  Defendants are without

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    sufficient information to confirm or deny such allegations and, therefore, deny the same.

2    Defendants state that the referenced study speaks for itself and respectfully refer the Court to

3    the study for its actual language and text.  Any attempt to characterize the study is denied.

4    Defendants deny the remaining allegations in this paragraph of the Complaint.

5    33.    The allegations in this paragraph of the Complaint are not directed towards Defendants

6    and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

7    state that the referenced article speaks for itself and respectfully refer the Court to the article for

8    its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

9    the remaining allegations in this paragraph of the Complaint.

10   34.    The allegations in this paragraph of the Complaint are not directed towards Defendants

11   and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

12   admit that a Joint Meeting of the Arthritis Advisory Committee and the Drug Safety and Risk

13   Management Advisory Committee was held on February 16-18, 2005.  Defendants state that the

14   referenced testimony speaks for itself and respectfully refer the Court to the testimony for its

15   actual language and text.  Any attempt to characterize the testimony is denied.  Defendants

16   deny the remaining allegations in this paragraph of the Complaint.

17   35.    Defendants state that Bextra® was and is safe and effective when used in accordance

18   with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

19   deny the remaining allegations in this paragraph of the Complaint.

20   36.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

21   and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

22   and text.   Any attempt to characterize the Alert for Healthcare Professionals is denied.

23   Defendants deny the remaining allegations in this paragraph of the Complaint.

24   37.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

25   and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

26   and text.   Any attempt to characterize the Alert for Healthcare Professionals is denied.

27   Defendants deny the remaining allegations in this paragraph of the Complaint.

28   38.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-10-

with its FDA-approved prescribing information.   Defendants deny the allegations in this paragraph of the Complaint.

39.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.   Any attempt to characterize the article is denied.   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

40.    The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary.   Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.   Any attempt to characterize the article is denied.   Defendants deny the remaining allegations in this paragraph of the Complaint.

41.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.   Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

42.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.   Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

43.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.   Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

44.    Defendants deny the allegations in this paragraph of the Complaint.

45.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the allegations in this paragraph of the Complaint.

46.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

47.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

2    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

3    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

4    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

5    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

6    accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

7    effective when used in accordance with its FDA-approved prescribing information.  Defendants

8    state that the potential effects of Bextra® were and are adequately described in its FDA-

9    approved prescribing information, which was at all times adequate and comported with

10    applicable standards of care and law.  Defendants admit, as indicated in the package insert

11    approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms

12    of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary

13    dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

14    48.    Defendants state that Bextra® was and is safe and effective when used in accordance

15    with its FDA-approved prescribing information.  Defendants state that the potential effects of

16    Bextra® were and are adequately described in its FDA-approved prescribing information,

17    which at all times was adequate and comported with applicable standards of care and law.

18    Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and

19    ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

20    such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny

21    that Bextra® is defective, and deny the allegations in this paragraph of the Complaint.

22    49.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

23    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

24    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

25    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

26    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

27    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

28    accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

50.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

51.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

52.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

53.     Defendants deny the allegations in this paragraph of the Complaint.

54.     Defendants admit that the sale of Bextra® was voluntarily suspended in the U.S. market as of April 7, 2005. Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

55.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Bextra® were and are adequately described in its FDA-approved prescribing information,

2  which was at all times adequate and comported with applicable standards of care and law.

3  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

4  allegations in this paragraph of the Complaint.

5  56.    Defendants state that Bextra® was and is safe and effective when used in accordance

6  with its FDA-approved prescribing information.  Defendants state that the potential effects of

7  Bextra® were and are adequately described in its FDA-approved prescribing information,

8  which was at all times adequate and comported with applicable standards of care and law.

9  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

10  the Complaint.

11  57.    Defendants deny any wrongful conduct and deny the remaining allegations in this

12  paragraph of the Complaint.

13  58.    Defendants state that Bextra® was and is safe and effective when used in accordance

14  with its FDA-approved prescribing information.  Defendants state that the potential effects of

15  Bextra® were and are adequately described in its FDA-approved prescribing information,

16  which was at all times adequate and comported with applicable standards of care and law.

17  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

18  promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

19  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

20  that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

21  developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

22  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

23  with their approval by the FDA.   Defendants deny any wrongful conduct and deny the

24  remaining allegations in this paragraph of the Complaint.

25  59.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

26  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

27  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

28  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

2   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

3   accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

4   paragraph of the Complaint.

5   60.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

6   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

7   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

8   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

9   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

10  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

11  accordance with their approval by the FDA.  Defendants admit, as indicated in the package

12  insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and

13  symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of

14  primary dysmenorrhea.  Defendants deny any wrongful conduct and deny the remaining

15  allegations in this paragraph of the Complaint.

16  61.    Defendants state that Bextra® was and is safe and effective when used in accordance

17  with its FDA-approved prescribing information.  Defendants state that the potential effects of

18  Bextra® were and are adequately described in its FDA-approved prescribing information,

19  which was at all times adequate and comported with applicable standards of care and law.

20  Defendants are without knowledge or information sufficient to form a belief as to the truth of

21  the allegations regarding and whether Plaintiff used Bextra® and, therefore, deny the same.

22  Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra®

23  caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the

24  Complaint.

25  62.    Defendants state that Bextra® was and is safe and effective when used in accordance

26  with its FDA-approved prescribing information.  Defendants state that the potential effects of

27  Bextra® were and are adequately described in its FDA-approved prescribing information,

28  which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding and whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

63.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

64.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

65.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

66.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

67.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

FDA-approved prescribing information. Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

68.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants admit that Bextra® was expected to reach consumers without substantial change in the condition from the time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

69.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

70.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to First Cause of Action: Negligence**

71.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

72.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required. To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

73.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  with its FDA-approved prescribing information.  Defendants state that the potential effects of

2  Bextra® were and are adequately described in its FDA-approved prescribing information,

3  which was at all times adequate and comported with applicable standards of care and law.

4  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

5  the Complaint.

6  74.    Defendants are without knowledge or information sufficient to form a belief as to the

7  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

8  Defendants state that Bextra® was and is safe and effective when used in accordance with its

9  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

10  were and are adequately described in its FDA-approved prescribing information, which was at

11  all times adequate and comported with applicable standards of care and law.  Defendants deny

12  any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint,

13  including all subparts.

14  75.    Defendants state that Bextra® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information.  Defendants state that the potential effects of

16  Bextra® were and are adequately described in its FDA-approved prescribing information,

17  which was at all times adequate and comported with applicable standards of care and law.

18  Defendants deny any wrongful conduct, deny that Bextra® is unreasonably dangerous, and

19  deny the remaining allegations in this paragraph of the Complaint.

20  76.    Defendants are without knowledge or information sufficient to form a belief as to the

21  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

22  Defendants state that Bextra® was and is safe and effective when used in accordance with its

23  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

24  were and are adequately described in its FDA-approved prescribing information, which was at

25  all times adequate and comported with applicable standards of care and law.  Defendants deny

26  any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

27  77.    Defendants state that Bextra® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

78.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

79.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

80.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

81.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

82.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

83.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Second Cause of Action: Strict Products Liability – Failure to Warn**

84.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

85.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required.  To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

86.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

87.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Complaint.

88.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

89.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

90.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Third Cause of Action:**

**Strict Products Liability – Defective Design or Manufacture**

91.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

92.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    effective when used in accordance with its FDA-approved prescribing information. Defendants

2    state that the potential effects of Bextra® were and are adequately described in its FDA-

3    approved prescribing information, which was at all times adequate and comported with

4    applicable standards of care and law. Defendants deny any wrongful conduct, deny that

5    Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this

6    paragraph of the Complaint.

7    93.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

8    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

9    by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

10    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

11    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

12    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

13    accordance with their approval by the FDA. Defendants admit that Bextra® was expected to

14    reach consumers without substantial change from the time of sale. Defendants deny remaining

15    the allegations in this paragraph of the Complaint.

16    94.    Defendants state that Bextra® was and is safe and effective when used in accordance

17    with its FDA-approved prescribing information. Defendants state that the potential effects of

18    Bextra® were and are adequately described in its FDA-approved prescribing information,

19    which was at all times adequate and comported with applicable standards of care and law.

20    Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably

21    dangerous, and deny the remaining allegations in this paragraph of the Complaint.

22    95.    Defendants state that Bextra® was and is safe and effective when used in accordance

23    with its FDA-approved prescribing information. Defendants state that the potential effects of

24    Bextra® were and are adequately described in its FDA-approved prescribing information,

25    which was at all times adequate and comported with applicable standards of care and law.

26    Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

27    allegations in this paragraph of the Complaint.

28    96.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ANSWER TO COMPLAINT – 3:07-cv-3458-CRB

1  with its FDA-approved prescribing information.  Defendants state that the potential effects of

2  Bextra® were and are adequately described in its FDA-approved prescribing information,

3  which was at all times adequate and comported with applicable standards of care and law.

4  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

5  allegations in this paragraph of the Complaint.

6  97.    Defendants state that Bextra® was and is safe and effective when used in accordance

7  with its FDA-approved prescribing information.  Defendants deny remaining the allegations in

8  this paragraph of the Complaint.

9  98.    Defendants state that Bextra® was and is safe and effective when used in accordance

10  with its FDA-approved prescribing information.  Defendants state that the potential effects of

11  Bextra® were and are adequately described in its FDA-approved prescribing information,

12  which was at all times adequate and comported with applicable standards of care and law.

13  Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra®

14  caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the

15  Complaint.

16  99.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

17  damage, and deny the remaining allegations in this paragraph of the Complaint.

18  100.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

19  damage, and deny the remaining allegations in this paragraph of the Complaint.

20  **Response to Fourth Cause of Action: Breach of Implied Warranty**

21  101.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

22  Complaint as if fully set forth herein.

23  102.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

24  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

25  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

26  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

27  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

28  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  accordance with their approval by the FDA.  Defendants admit, as indicated in the package

2  insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and

3  symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of

4  primary dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the

5  Complaint.

6  103.    Defendants are without knowledge or information sufficient to form a belief as to the

7  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

8  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

9  promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

10  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

11  that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

12  developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

13  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

14  with their approval by the FDA.   Defendants admit that they provided FDA-approved

15  prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this

16  paragraph of the Complaint.

17  104.    Defendants deny the allegations in this paragraph of the Complaint.

18  105.    Defendants are without knowledge or information sufficient to form a belief as to the

19  truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used

20  Bextra® and, therefore, deny the same.  Defendants deny the remaining allegations in this

21  paragraph of the Complaint.

22  106.    Defendants are without knowledge or information sufficient to form a belief as to the

23  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

24  Defendants state that Bextra® was and is safe and effective when used in accordance with its

25  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

26  were and are adequately described in its FDA-approved prescribing information, which was at

27  all times adequate and comported with applicable standards of care and law.  Defendants deny

28  any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  107.    Defendants state that Bextra® was and is safe and effective when used in accordance

2  with its FDA-approved prescribing information.  Defendants state that the potential effects of

3  Bextra® were and are adequately described in its FDA-approved prescribing information,

4  which was at all times adequate and comported with applicable standards of care and law.

5  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

6  the Complaint.

7  108.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

8  damage, and deny the remaining allegations in this paragraph of the Complaint.

9  109.    Defendants are without knowledge or information sufficient to form a belief as to the

10  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

11  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage,

12  and deny the remaining allegations in this paragraph of the Complaint.

13  110.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

14  damage, and deny the remaining allegations in this paragraph of the Complaint.

15  **Response to Fifth Cause of Action: Breach of Express Warranty**

16  111.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

17  Complaint as if fully set forth herein.

18  112.    Defendants state that Bextra® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information.  Defendants state that the potential effects of

20  Bextra® were and are adequately described in its FDA-approved prescribing information,

21  which was at all times adequate and comported with applicable standards of care and law.

22  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

23  the Complaint.

24  113.    Defendants state that Bextra® was and is safe and effective when used in accordance

25  with its FDA-approved prescribing information.  Defendants state that the potential effects of

26  Bextra® were and are adequately described in its FDA-approved prescribing information,

27  which was at all times adequate and comported with applicable standards of care and law.

28  Defendants admit that they provided FDA-approved prescribing information regarding

Bextra®.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

114.    Defendants deny the allegations in this paragraph of the Complaint.

115.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

116.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

117.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

118.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

119.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

120.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

121.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Response to Sixth Cause of Action: Common Law Fraud**

122.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

123.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

124.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

125.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

126.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   which was at all times adequate and comported with applicable standards of care and law.

2   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3   the Complaint.

4   127.    Defendants state that this paragraph of the Complaint contains legal contentions to

5   which no response is deemed required.   To the extent a response is deemed required,

6   Defendants admit that they had duties as are imposed by law but deny having breached such

7   duties.  Defendants are without knowledge or information sufficient to form a belief as to the

8   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

9   Defendants state that Bextra® was and is safe and effective when used in accordance with its

10  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

11  were and are adequately described in its FDA-approved prescribing information, which was at

12  all times adequate and comported with applicable standards of care and law.  Defendants deny

13  any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

14  128.    Defendants state that Bextra® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information.  Defendants state that the potential effects of

16  Bextra® were and are adequately described in its FDA-approved prescribing information,

17  which was at all times adequate and comported with applicable standards of care and law.

18  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

19  the Complaint.

20  129.    Defendants are without knowledge or information sufficient to form a belief as to the

21  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

22  Defendants state that Bextra® was and is safe and effective when used in accordance with its

23  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

24  were and are adequately described in its FDA-approved prescribing information, which was at

25  all times adequate and comported with applicable standards of care and law.  Defendants deny

26  any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

27  130.    Defendants are without knowledge or information sufficient to form a belief as to the

28  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Defendants state that Bextra® was and is safe and effective when used in accordance with its

2    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

3    were and are adequately described in its FDA-approved prescribing information, which was at

4    all times adequate and comported with applicable standards of care and law.  Defendants deny

5    any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

6    131.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

7    damage, and deny the remaining allegations in this paragraph of the Complaint.

8    132.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

9    damage, and deny the remaining allegations in this paragraph of the Complaint.

10    **Response to Seventh Cause of Action: Fraudulent Misrepresentation and Concealment**

11    133.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

12    Complaint as if fully set forth herein.

13    134.    Defendants state that this paragraph of the Complaint contains legal contentions to

14    which no response is deemed required.    To the extent a response is deemed required,

15    Defendants admit that they had duties as are imposed by law but deny having breached such

16    duties.  Defendants state that Bextra® was and is safe and effective when used in accordance

17    with its FDA-approved prescribing information.  Defendants state that the potential effects of

18    Bextra® were and are adequately described in its FDA-approved prescribing information,

19    which was at all times adequate and comported with applicable standards of care and law.

20    Defendants deny the remaining allegations in this paragraph of the Complaint.

21    135.    Defendants state that Bextra® was and is safe and effective when used in accordance

22    with its FDA-approved prescribing information.  Defendants state that the potential effects of

23    Bextra® were and are adequately described in its FDA-approved prescribing information,

24    which was at all times adequate and comported with applicable standards of care and law.

25    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

26    the Complaint, including all subparts.

27    136.    Defendants state that Bextra® was and is safe and effective when used in accordance

28    with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

137.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

138.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

139.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

140.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

141.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

142.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

143.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

144.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

145.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

146.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

147.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

148.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Eighth Cause of Action: Unjust Enrichment**

149.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

150.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1 by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

2 admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

3 which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

4 be prescribed by healthcare providers who are by law authorized to prescribe drugs in

5 accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

6 paragraph of the Complaint.

7 151.    Defendants are without knowledge or information sufficient to form a belief as to the

8 truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

9 Defendants deny the remaining allegations in this paragraph of the Complaint.

10 152.    Defendants are without knowledge or information sufficient to form a belief as to the

11 truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

12 Defendants deny the remaining allegations in this paragraph of the Complaint.

13 153.    Defendants are without knowledge or information sufficient to form a belief as to the

14 truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

15 Defendants state that Bextra® was and is safe and effective when used in accordance with its

16 FDA-approved prescribing information.  Defendants deny the remaining allegations in this

17 paragraph of the Complaint.

18 154.    Defendants are without knowledge or information sufficient to form a belief as to the

19 truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

20 Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage,

21 and deny the remaining allegations in this paragraph of the Complaint.

22 155.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

23 damage, and deny the remaining allegations in this paragraph of the Complaint.

24 **Response to Ninth Cause of Action: New York G.B.L. § 349**

25 156.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

26 Complaint as if fully set forth herein.

27 157.    Defendants deny any wrongful conduct and deny the remaining allegations in this

28 paragraph of the Complaint.

158.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

159.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

160.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

161.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

162.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

163.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### **Response to Prayer for Relief**

Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief," Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

### **III.**

### **GENERAL DENIAL**

Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs' Complaint that have not been previously admitted, denied, or explained.

### **IV.**

### **AFFIRMATIVE DEFENSES**

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendants affirmatively show that:

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**First Defense**

1.    The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

2.    Bextra® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Bextra® was at all times in compliance with applicable federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

**Third Defense**

3.    At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

**Fourth Defense**

4.    At all relevant times, Defendants' warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

**Fifth Defense**

5.    Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

**Sixth Defense**

6.    Plaintiffs' action is barred by the statute of repose.

**Seventh Defense**

7.    If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the negligence or fault of the Plaintiffs and Plaintiffs' damages, if any, are barred or reduced by the doctrines of comparative fault and contributory negligence and by the failure to mitigate damages.

1

**Eighth Defense**

2    8.    The proximate cause of the loss complained of by Plaintiffs is not due to any acts or

3  omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

4  part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

5  liable in any way.

6

**Ninth Defense**

7    9.    The acts and/or omissions of unrelated third parties as alleged constituted independent,

8  intervening causes for which Defendants cannot be liable.

9

**Tenth Defense**

10    10.    Any injuries or expenses incurred by Plaintiffs were not caused by Bextra®, but were

11  proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act

12  of God.

13

**Eleventh Defense**

14    11.    Defendants affirmatively deny that they violated any duty owed to Plaintiffs.

15

**Twelfth Defense**

16    12.    A manufacturer has no duty to warn patients or the general public of any risk,

17  contraindication, or adverse effect associated with the use of a prescription medical product.

18  Rather, the law requires that all such warnings and appropriate information be given to the

19  prescribing physician and the medical profession, which act as a "learned intermediary" in

20  determining the use of the product.  Bextra® is a prescription medical product, available only

21  on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiff's

22  treating and prescribing physicians.

23

**Thirteenth Defense**

24    13.    The product at issue was not in a defective condition or unreasonably dangerous at the

25  time it left the control of the manufacturer or seller.

26

**Fourteenth Defense**

27    14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit

28  for its intended use and the warnings and instructions accompanying Bextra® at the time of the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-36-

occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alteration, change, improper handling, abnormal use, or other unforeseeable misuse of Bextra® by persons other than Defendants or persons acting on its behalf after the product left the control of Defendants.

**Seventeenth Defense**

17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

**Nineteenth Defense**

19.    Plaintiffs knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Twenty-second Defense

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

### Twenty-third Defense

23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

### Twenty-fourth Defense

24.    Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

### Twenty-fifth Defense

25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

### Twenty-sixth Defense

26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

### Twenty-seventh Defense

27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-eighth Defense

28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

1

**Twenty-ninth Defense**

2
29.     To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead

3
facts sufficient under the law to justify an award of punitive damages.

4

**Thirtieth Defense**

5
30.     The imposition of punitive damages in this case would violate Defendants' rights to

6
procedural due process under the Fourteenth Amendment of the United States Constitution, the

7
Constitution of the State of Oklahoma, and the Constitution of the State of California, and

8
would additionally violate Defendants' right to substantive due process under the Fourteenth

9
Amendment of the United States Constitution.

10

**Thirty-first Defense**

11
31.     Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and

12
Fourteenth Amendments to the United States Constitution.

13

**Thirty-second Defense**

14
32.     The imposition of punitive damages in this case would violate the First Amendment to

15
the United States Constitution.

16

**Thirty-third Defense**

17
33.     Plaintiffs' punitive damage claims are preempted by federal law.

18

**Thirty-fourth Defense**

19
34.     In the event that reliance was placed upon Defendants' nonconformance to an express

20
representation, this action is barred as there was no reliance upon representations, if any, of

21
Defendants.

22

**Thirty-fifth Defense**

23
35.     Plaintiffs     failed     to     provide     Defendants     with     timely     notice     of     any     alleged

24
nonconformance to any express representation.

25

**Thirty-sixth Defense**

26
36.     To the extent that Plaintiffs' claims are based on a theory providing for liability without

27
proof of causation, the claims violate Defendants' rights under the United States Constitution.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ANSWER TO COMPLAINT – 3:07-cv-3458-CRB

1

**Thirty-seventh Defense**

2    37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and

3    labeling with respect to the subject pharmaceutical products were not false or misleading and,

4    therefore, constitute protected commercial speech under the applicable provisions of the United

5    States Constitution.

6

**Thirty-eighth Defense**

7    38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly

8    caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

9    law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

10    protections afforded by the United States Constitution, the excessive fines clause of the Eighth

11    Amendment of the United States Constitution, the Commerce Clause of the United States

12    Constitution, and the Full Faith and Credit Clause of the United States Constitution and the

13    Constitutions of the States of Oklahoma and California.  Any law, statute, or other authority

14    purporting to permit the recovery of punitive damages in this case is unconstitutional, facially

15    and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient

16    standards to guide and restrain the jury's discretion in determining whether to award punitive

17    damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate

18    advance notice as to what conduct will result in punitive damages; (3)  permits recovery of

19    punitive damages based on out-of-state conduct, conduct that complied with applicable law, or

20    conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) permits

21    recovery of punitive damages in an amount that is not both reasonable and proportionate to the

22    amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5)

23    permits jury consideration of net worth or other financial information relating to Defendants;

24    (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict

25    review of any punitive damages awards; (7) lacks constitutionally sufficient standards for

26    appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court

27    precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111

28    (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North*

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  *America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*,

2  538 U.S. 408 (2003).

### Thirty-ninth Defense

4  39.     The methods, standards, and techniques utilized with respect to the manufacture, design,

5  and marketing of Bextra®, if any, used in this case, included adequate warnings and

6  instructions with respect to the product's use in the package insert and other literature, and

7  conformed to the generally recognized, reasonably available, and reliable state of the

8  knowledge at the time the product was marketed.

### Fortieth Defense

10  40.     The claims asserted in the Complaint are barred because Bextra® was designed, tested,

11  manufactured and labeled in accordance with the state-of-the-art industry standards existing at

12  the time of the sale.

### Forty-first Defense

14  41.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon

15  information and belief, such injuries and losses were caused by the actions of persons not

16  having real or apparent authority to take said actions on behalf of Defendants and over whom

17  Defendants had no control and for whom Defendants may not be held accountable.

### Forty-second Defense

19  42.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

20  was not unreasonably dangerous or defective, was suitable for the purpose for which it was

21  intended, and was distributed with adequate and sufficient warnings.

### Forty-third Defense

23  43.     Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches,

24  waiver, and/or estoppel.

### Forty-fourth Defense

26  44.     Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the

27  pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or

28  illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1    independent of or far removed from Defendants' conduct.

2    **Forty-fifth Defense**

3    45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

4    did not proximately cause injuries or damages to Plaintiffs.

5    **Forty-sixth Defense**

6    46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs

7    did not incur any ascertainable loss as a result of Defendants' conduct.

8    **Forty-seventh Defense**

9    47.    The claims asserted in the Complaint are barred, in whole or in part, because the

10    manufacturing, labeling, packaging, and any advertising of the product complied with the

11    applicable codes, standards and regulations established, adopted, promulgated or approved by

12    any applicable regulatory body, including but not limited to the United States, any state, and

13    any agency thereof.

14    **Forty-eighth Defense**

15    48.    The claims must be dismissed because Plaintiff would have taken Bextra® even if the

16    product labeling contained the information that Plaintiffs contends should have been provided.

17    **Forty-ninth Defense**

18    49.    The claims asserted in the Complaint are barred because the utility of Bextra®

19    outweighed its risks.

20    **Fiftieth Defense**

21    50.    Plaintiffs' damages, if any, are barred or limited by the payments received from

22    collateral sources.

23    **Fifty-first Defense**

24    51.    Defendants' liability, if any, can only be determined after the percentages of

25    responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if

26    any, are determined.    Defendants seek an adjudication of the percentage of fault of the

27    claimants and each and every other person whose fault could have contributed to the alleged

28    injuries and damages, if any, of Plaintiffs.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifty-second Defense**

52.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®.     Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fourth Defense**

54.     Plaintiffs' misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

**Fifty-fifth Defense**

55.     Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as may apply.

**Fifty-sixth Defense**

56.     Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.     Therefore, Plaintiffs' recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

**Fifty-seventh Defense**

57.   To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

**Fifty-eighth Defense**

58.   Plaintiffs' claim for non-economic damages is subject to the statutory limitations set forth in ORS 31.710.

**Fifty-ninth Defense**

59.   Plaintiffs are not entitled to a private right of action under ORS 646.638.

**Sixtieth Defense**

60.   Defendants' conduct complied with the orders or rules of, or a statute administered by a federal, state or local government agency, and, accordingly, Defendants are not liable under ORS 646.608.

**Sixty-first Defense**

61.   Defendants are entitled to an award of attorney fees pursuant to ORS 646.638(3).

**Sixty-second Defense**

62.   Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiffs' claims.

**V.**

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.   That Plaintiffs take nothing from Defendants by reason of the Complaint;

2.   That the Complaint be dismissed;

3.   That Defendants be awarded their costs for this lawsuit;

4.   That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' alleged injuries, losses or damages is attributable to each person;

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-44-

1    5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater

2    than an amount which equals their proportionate share, if any, of the total fault or other liability

3    which proximately caused Plaintiffs' injuries and damages; and

4    6.    That Defendants have such other and further relief as the Court deems appropriate.

5

6    November 15, 2007                              GORDON & REES LLP

7

8                                                  By: _____/s/_____

9                                                  Stuart M. Gordon
                                                   sgordon@gordonrees.com
10                                                 Embarcadero Center West
                                                   275 Battery Street, 20th Floor
11                                                 San Francisco, CA 94111
                                                   Telephone: (415) 986-5900
12                                                 Fax: (415) 986-8054

13   November 15, 2007                              TUCKER ELLIS & WEST LLP
                                                   .
14

15                                                 By: _____/s/_____

16                                                 Michael C. Zellers
                                                   michael.zellers@tuckerellis.com
17                                                 515 South Flower Street, Suite 4200
                                                   Los Angeles, CA 90071-2223
18                                                 Telephone: (213) 430-3400
                                                   Fax: (213) 430-3409
19
                                                   Attorneys for Defendants
20                                                 PFIZER INC., PHARMACIA
                                                   CORPORATION, AND G.D. SEARLE
21                                                 LLC

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

## JURY DEMAND

2       Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, hereby demand a

3  trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4  Procedure.

5  November 15, 2007                          GORDON & REES LLP

6

7                                             By: _____ /s/ _____

8                                                 Stuart M. Gordon
                                                  sgordon@gordonrees.com
9                                                 Embarcadero Center West
                                                  275 Battery Street, 20th Floor
10                                                San Francisco, CA  94111
                                                  Telephone:  (415) 986-5900
11                                                Fax:  (415) 986-8054

12

13 November 15, 2007                          TUCKER ELLIS & WEST LLP

14

15                                            By: _____ /s/ _____

16                                                Michael C. Zellers
                                                  michael.zellers@tuckerellis.com
17                                                515 South Flower Street, Suite 4200
                                                  Los Angeles, CA 90071-2223
                                                  Telephone:  (213) 430-3400
18                                                Fax:  (213) 430-3409

19                                                Attorneys for Defendants
20                                                PFIZER INC., PHARMACIA
                                                  CORPORATION, AND G.D. SEARLE
21                                                LLC

22

23

24

25

26

27

28